Good morning. May it please the Court, Christopher Vellante, Rosenwood, Fortuna, and Laitman for the Plaintiff Appellant East Fork Funding LLC in this case. Our position is that both orders of the District Court here must be reversed, mostly because they start with a fundamental misunderstanding of both New York law on this issue, as well as the actual arguments that were presented by East Fork in this case, which the District Court seems to come to the conclusion in both orders that because a timely foreclosure action was commenced against certain parties, which isn't a point of contention by East Fork, that the original 2009 foreclosure action was timely commenced against Ms. Palermo and the other defendants that were named therein, that seemingly that that makes that action timely against everyone. Well, only because of being a successor in interest. Well, no, but again, these are where the mistakes of law come in. The New York law has clearly cited several cases to this effect, is that if we're not a party to the action, that I don't think anyone would debate, we were never joined, and there was not a valid lispendence at the time that we took the property via a separate condominium lien foreclosure sale. We are not bound to that action and or any judgments that arise there from. The fact that they were a former owner, Ms. Palermo, and now we're the owner of the property, doesn't ipso facto mean that we're bound by that action or in any way affected vis-a-vis the statute of limitations. I can go on and cite several cases. Some very recently, 97 Lyman Avenue v. MTGLQ, 233AD3D1038 in the second department just came out a few months ago. And it stands for the same idea proposition, which is there's a foreclosure action commenced timely against certain defendants leads to a judgment. Now we have a subsequent purchaser who is not bound by that prior action successfully brings an action to discharge that mortgage as time barred. I mean, that can go back as far as, I'm sorry. That begs the question of who is bound by that prior action. In this case, your client acquired the property by foreclosure at a time when there was still a foreclosure pending against the original borrower. As well as I believe it listed the condo as well, the condo association. So when your client purchased the property, your client was aware. It was a foreclosure pending. I know it was subsequently dismissed without prejudice. But that begs the question of who is the party at interest. And so that gets to the question that Judge Nathan asked you about successor and interest. How does your client claim to have interest in this property that supersedes the Deutsche mortgage when it knew it existed when it purchased the property? I'm sorry, Judge Conn. I thought you were finished. So first I would say, certainly to the extent that there's nothing in the record that indicates that East Fork was aware of the action when they purchased the property. The bank was- I just want to be very clear. You are representing to us that you did not have actual notice. Is that- Correct. That you did not. Certainly, yes. That is the representation. In fact, Deutsche Bank wasn't a party to the condo, the condominium lien foreclosure. I don't want to confuse anyone by talking about several foreclosures. But Deutsche Bank, who was the plaintiff-the defendant here, plaintiff in the mortgage foreclosure action, was not named in the condo lien foreclosure action. And actually, when title was taken by East Fork, the mortgage foreclosure action had been previously commenced but actually was in a point of dismissal at that point, if I'm not mistaken, on the record. So your client did not know that there was a foreclosure action pending by the mortgagee when he brought the property? There certainly-I personally don't have actual knowledge. My-and there's certainly nothing in the record that would suggest otherwise. And ultimately, the real- But your client took the property subject to a mortgage, right? Yes. But that is also a point. There's certainly a distinct difference between taking subject to a mortgage, an encumbrance, and taking subject to or being bound or joined by an action to enforce that encumbrance. I mean, that goes back-that can go back even to Polish National, which is one of the most famous foreclosure actions. But if your client is a sophisticated real estate investor, does he not look into whether the property he's buying are subject to pending foreclosure actions? I'm personally not privy to the due diligence that is done by my client prior to purchasing the property. Let me ask the question the other way. If there was actual notice, would you still prevail? Actual notice of the foreclosure action? Yes. There's certainly case law that exists in New York that would say that actual notice can imbibe knowledge of the foreclosure action. There's none here as far as I know, certainly nothing in the record. And I don't think we can infer knowledge simply because this is an LLC investor as opposed to a mom-and-pop John Smith who purchased the property. And I think it-and it's also an argument that's never been made by either the defendant or even in the court in their erroneous decisions that there was actual knowledge of the actual foreclosure action. In fact, like I said, the two main what we would say mistakes, biggest mistakes made by the district court in their decisions is first of all equating the fact that there was a timely foreclosure action against certain defendants that wasn't-that led to an ultimate judgment means that we couldn't raise a statute of limitations claim as a party that is not bound to that action. In fact, the fact that we're not bound to that action is illustrated by the defendant's own conduct in starting a strict foreclosure action in the state court a few-about a year ago when we were waiting three years for a decision from the district court. If the defendant, if Deutsche Bank themselves felt that we were bound by the state court mortgage foreclosure action, they wouldn't have to start a strict foreclosure action because we would have been bound by the judgment. They know we're not bound by the judgment. That's why they started the strict foreclosure action during this three-year low that we were waiting for the district court. The other big point that the district court tries to impute on us is they create a nonexistent burden that we didn't intervene in the foreclosure action even though we had the opportunity to do so. But this court, the U.S. Supreme Court, has said several times, we've cited some in our brief, that intervention is not our burden. We have no burden to intervene, and we can't be bound by something because we have notice and any notice and an opportunity to intervene. The only way we could be bound is by joinder. Joinder, which wasn't even attempted by the defendant here. They didn't try to join us. They didn't have a valid list pendants. And when they tried to restore the foreclosure action, which occurred after we started this action, when we started this action, there was no foreclosure action. Let me ask. So as you were mentioning the strict foreclosure case, you've asserted a statute of limitation defense. Should we wait to see that one sort out because then you would have a clearer path to title? Well, I'm glad you asked that. So I certainly have no issue with litigating claims in the state court rather than in this court. There's two big issues. First, on the legal front, again, we started this action years before they started a strict foreclosure action, and then they ran to the state court. However, even beyond that, I think the real issue here, if this court was more prone to want to send us to the state court, is we can't be sent right now with the state of affairs as we have them because we have an erroneous, we represent, decision from the district court that says we can't have a quiet title claim on the merits. So if you send us to the state court as is, you're sending us to the state court with, I'm going to further a guess that they're going to argue we're barred by res judicata from now asserting our claims. Just as the same as why we didn't assert them as counterclaims in the strict foreclosure initially, because I would bet my own house that they would argue you can't have these counterclaims because you have another action pending in the federal court. So if this court were prone to send us to the state court, I'm fine with that. However, I think the part of the district court's orders that on the merits decide that we can't maintain a quiet title claim have to be reversed. Otherwise, you're just sending us to the state court to get a decision that says you can't bring these claims because the federal court has already said you can't have them. So they would essentially be making sure that we can never have our claims actually heard. We'll hear from you on rebuttal. Thank you. Good morning, Your Honors. May it please the court. My name is Kathleen Massimo, and I represent Defendant Appelli, Deutsche Bank National Trust Company, as trustee. Your Honors, just briefly, I wanted to address something before I get into the merits of my argument. I received a notice this morning, as I'm not sure if Your Honors received it or not, on the docket from counsel trying to address case law that was in place at the time of briefing. As I'm sure Your Honors are aware, this case law, because it was in place at time of briefing, he cannot now try and introduce it. However, as I'm also sure Your Honors are aware, those cases are not dispositive of the issues here, so they can be disregarded. So despite the length of the briefing here, this is a relatively simple case. This is an instance of a purchaser of distressed real estate seeking to circumvent a state court judgment and obtain a windfall based on a distorted misapplication of relevant law. The simple fact at the heart of this is, East Fork did not meet its burden to establish that Deutsche Bank's lien was time-barred. East Fork's central argument here is that even though Deutsche Bank as trustee successfully obtained final judgment in the state court action, that East Fork should be permitted to collaterally attack and unwind that judgment via separate federal action, based on the improper position that the mortgage is time-barred as to East Fork only. This premise all but ignores the fact that Deutsche Bank timely commenced and completed its foreclosure action, which is final for race judicata purposes as Judge Menasche of this court has astutely opined in the East Fork v. U.S. Bank case. The appellee has straightforward reasons for why the trial court correctly granted appellee's motion to this. I mean, if we could get out of the intro and more into some of the arguments. I'm interested in your reaction to the exchange that I had with your friend on the other side about the relevance of actual notice. He claims that his client didn't have actual notice. If that is true, where does that leave us? Your Honor, I mean, I could see some doubt in your Honor's reading of his position on that, and I share that doubt that he didn't have actual notice because there was a pending foreclosure action two years before he purchased the property. And he also had actual notice of the mortgage. It's a recorded instrument. He took title to the property subject to our mortgage. Even if, you know, what's more likely here, Your Honors, is that he took title to the mortgage or took title to the property, believing that he could then seek to void the mortgage based on the prior 2009 foreclosure action, which was of record and he very clearly could have noticed had he done a simple title search. So I don't want to get too much into motives. I'm more actually interested in let's assume that he had actual notice. What did that do to the claims? Let's assume that he doesn't. What does that do to the claims? Assuming that he has no actual notice of the foreclosure action, he still had actual notice of the mortgage, and he still took title subject to that mortgage.  So going to the next point that he raised here. I'm sorry. Over here. I had a follow-up question on that. I thought, and I don't have the citation, but I thought at one point there was an acknowledgement by the appellant that when he took title to the property, he understood he stood second in line to the mortgage. Is there such a concession in the paperwork, if you recall? Your Honors, I don't want to misrepresent anything to the court. That was my recollection as well, and I attempted to search through the 1,000-plus page record when I was doing that. I can't confirm with certainty, but that's my recollection as well. Thank you. Thank you, Your Honor. As to the next point, that because there was no Liz Pendence on the property, that that somehow, again, gave him the ability to then void our lien. That, as I think we've already addressed, does not hold water. Further, as to the race judicata argument, he's essentially attempting to overturn the critical judgment of foreclosure and sale here, which found that my client's mortgage was viable and enforceable and collectible. Going to the plain language of the statute at issue here to quiet title, he needs a time-barred, uncollectible mortgage debt, which he does not have here. The lower court, the district court, in their initial finding, as well as their motion for reconsideration, harped on that point, which I think is critical. At issue here, he's attempting essentially smoke and mirrors, but none of the cases, none of the arguments here can take away from the point that we have a mortgage that's been judicially determined to be valid. Can you move on to the successor and interest issue? My understanding from your brief is that you argue East Fork is a successor and interest to one or more of the parties, specifically to Pamela Palermo. Is that right? Yes, Your Honor. Why wouldn't it be to the condo board? Where did the money go? So the borrower, the condo board had a subsequent lien at the property, and then they sold the property to East Fork here. So wouldn't it be the successor and interest to the condo board as opposed to Palermo? And then does it matter? Well, I don't know that it matters for purposes of our argument. However, the condo board was not a record owner of the property, and so I think critical to the analysis and to the cases that I've seen are record owners of the property, and here East Fork was a subsequent successor owner to the property. But I would argue that in both instances they would qualify as successor. What about the strict foreclosure action? I mean, he argues that you obviously know that they're not bound or you wouldn't have filed it. So what would be your response? So the strict foreclosure is simply an action in equity to allow junior lien holders who have cropped up exactly in instances like this one after the foreclosure to have a final right of redemption. And so that was commenced to give him, his client, one final opportunity of redemption. But then how is that a collateral attack then? I mean, it seems like they're just trying to confirm the state of affairs. Of record. Critical here, it's just for title purposes because in order to clear title and ensure because the title has changed hands during the course of the foreclosure action, we then require this additional step to clear title of record for subsequent purchasers. I think as to my remaining points, unless Your Honors have any additional questions, I'm happy to rest on my breath. Okay. Thank you, Your Honors. Thank you, Your Honor. Actually, first thing, if I may, I need to correct something I said earlier. I misspoke. When Your Honor was asking me about actual notice, what I was actually referring to was there a case law in New York that stands for the idea, and this is the difference between what I said between being bound or subject to an encumbrance rather than an enforcement proceeding. There are cases that say if I have actual notice of the mortgage, I can be bound to it even if there's no Liz Penance. Although we cite cases in our brief that even to that effect, even actual notice of a mortgage is not good enough if there's no LP. There has to be an LP. However, with regard to the enforcement action, which I think is more what Your Honor was getting to, actual notice even of the foreclosure action we would submit would not bind us to the foreclosure action. That's Polish National. Again, it's one of the most famous foreclosure cases ever cited. We cite it in our brief several times. In that case, the purchaser not only, when there was no Liz Penance, purchased the property and acknowledged, if you look at that case and its companion case, acknowledged that they knew about the foreclosure action. It's even in their contract of sale. And the court still came to the conclusion that they were not bound by the foreclosure action or affected by it because there was no LP and they weren't parties. So I just wanted to clarify that. Can you tell me how that interacts with the Moore equity case? Moore equity? Yeah. Moore equity, if memory serves, is not cited in any of the briefs. But from my own memory of Moore equity is that's essentially the one loan outlier case that's never been cited to by any other court anywhere for the proposition that what we were talking about, that if you have actual, that essentially because there's a mortgage recorded, I believe, that that should give you cause to go figure out that there's a foreclosure action and that therefore you can be bound to the action. That is what that case says. I would certainly posit that that is incorrect for all the reasons, for all the type of law we cited in our brief, and as I mentioned, has never been cited again by any other court, including the court that rendered the decision. So it's an outlier case, I would say, to say the least. I also want to touch on a few of the other things, if I can, really, that my colleague said here really quickly as far as the strict foreclosure action, one of them just being, oh, we're just giving them another chance to redeem. Again, smoke and mirrors. They know we're not bound by the action. Because we wouldn't need a right of redemption if we were bound by the judgment in the foreclosure action because the judgment of the foreclosure extinguishes the right of any of the defendants, their rights in the property, which would be including the right of redemption, or you have the right to redeem, the owner has the right to redeem up to the point of sale, but you wouldn't have to go post-sale to bring a strict foreclosure to give us an opportunity to redeem if we were bound by that action. There's also a lot of, most of their arguments in response to Judge Perez's question is all speculation. Oh, how could he not know about the foreclosure action? There's nothing in the record at all that even suggests that. And ultimately, as I said, based on Polish National and all the cases we cited, it wouldn't matter even if that were the case, which there's nothing to indicate that there is. The last thing, if I can. Thank you. Just finish up. And the last thing, again, I just want to hit on the res judicata point very quickly. Again, not only is it belied by their own conduct in starting a strict foreclosure action, that res judicata would apply. There is, we obviously weren't a party, and obviously the res judicata standard is, was it litigated or could it have been litigated in general? Obviously I'm generalizing. Obviously we weren't a party. Obviously this issue as to whether SOL, the statute of limitations, was time-barred as to us was not litigated in that action, nor could it have been. Obviously defendants can raise a statute of limitations defense in general, but no party that was an actual party to that action, including any alleged predecessor of ours, could argue that East Fork is not bound by, that the mortgage is time-barred as to East Fork. So that is not something that even could have been litigated in the prior action without them joining us, which they did not do. And as I mentioned earlier, we have no obligation to intervene. Thank you so much. Thank you, Your Honors. We will take the case under revising. Thank you.